Christopher T. Casamassima (SBN 211280)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, 21st Floor
Los Angeles, CA 90071
Telephone:  213-443-5374
Facsimile:  213-443-5400
Email:       chris.casamassima@wilmerhale.com

Leon Greenfield (*pro hac vice* application forthcoming)
Eric Mahr (*pro hac vice* application forthcoming)
Jeffrey Ayer (*pro hac vice* application forthcoming)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
Telephone:  202-663-6000
Facsimile:  202-663-6363
Email:       leon.greenfield@wilmerhale.com
             eric.mahr@wilmerhale.com
             jeffrey.ayer@wilmerhale.com

Attorneys for Defendant
*Regal Entertainment Group*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| Starlight Cinemas, Inc. | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| Regal Entertainment Group and Does 2 through 50, inclusive | |
| Defendant. | |

ActiveUS 131190284v.5

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant Regal Entertainment Group ("Regal") hereby removes the above-captioned action from the Superior Court of California for Los Angeles County, Central District to the United States District Court for the Central District of California, Western Division.

As grounds for removal, Regal states as follows:

### SUMMARY

1.     A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action. This Court has original jurisdiction over this matter because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and "is between ... citizens of different states." 28 U.S.C. § 1332(a). Any claims not removable on that basis are removable under this Court's supplemental jurisdiction. *See id.* § 1367.

### PROCEDURAL HISTORY AND BACKGROUND

2.     On or about June 17, 2014, Plaintiff Starlight Cinemas, Inc. ("Starlight") filed a Complaint in an action captioned *Starlight Cinemas, Inc. v. Regal Entertainment Group and Does 2 through 50, inclusive*, Case No. BC549008, in Superior Court of California, County of Los Angeles, Central District ("State Court"). A copy of the Complaint, Summons, and all papers served on Regal are attached hereto as Exhibit A.

3.     The Complaint alleges that Regal violated antitrust and unfair competition laws and engaged in intentional interference with prospective economic advantage by combining with and coercing film distributors to deprive Plaintiff of competitive access to films in Starlight Dos Lagos Theater in Corona, California. Compl. ¶ 1.

-1-

ActiveUS 131190284v.5

4.     The Complaint asserts claims for violation of the Cartwright Act (California Business and Professions Code Section 16700, *et seq.*), unfair competition under the Unfair Competition Law (California Business and Professions Code Section 17200, *et seq.*), and tortious interference with prospective economic advantage.  Compl. ¶¶ 2-4.  Plaintiff seeks injunctive relief, monetary relief trebled, with interest calculated at the maximum rate, punitive damages under California Civil Code Section 3294, and attorneys' fees and expenses under California Business and Professions Code Section 16750.  *See* Compl., Prayer. ¶¶ 1-7.  Defendant disputes that Plaintiff is entitled to any relief.

5.     Starlight sent Regal the Complaint via Federal Express on June 17, 2014 and Regal's counsel received it on June 18, 2014.  Regal's time to respond to the Complaint has not expired, and Regal has neither served nor filed an Answer.

6.     No motions or proceedings in this action are pending in State Court.

7.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), because it is filed less than thirty days from June 18, 2014, the date upon which Regal's counsel received the Complaint.  No previous notice of removal has been filed or made to this Court for the relief sought herein.

8.     The action is removable to this Court because Los Angeles County is located in the Central District of California, Western Division.  *See* 28 U.S.C. § 1441(a).

9.     28 U.S.C. § 1332(a) establishes original jurisdiction in United States District Court for a civil case "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the matter "is between … citizens of different States."  The instant action meets the requirements for federal diversity jurisdiction set forth in this provision.

2

ActiveUS 131190284v.5

1      **I.**    **There Is Complete Diversity of Citizenship Between the**

2              **Parties**

3        10.    To meet the requirement in § 1332(a) that a matter is between

4   citizens of different States, "there must be complete diversity of citizenship

5   between the parties opposed in interest." *Kuntz v. Lamar Corp.*, 385 F.3d 1177,

6   1181 (9th Cir. 2004).  That requirement is met here.

7        11.    The plaintiff in this case is Starlight Cinemas, incorporated in

8   Nevada with its principal place of business in Los Angeles County, California.

9   Compl. ¶ 6.  Plaintiff is therefore a citizen of California and Nevada for

10  diversity purposes.

11       12.    Defendant Regal is a corporation headquartered in Tennessee and

12  incorporated in Delaware.  *See* Carr Decl. at ¶ 4.  Regal's principal place of

13  business is at its headquarters in Tennessee.  *See id.*  Defendant is therefore a

14  citizen of Tennessee and Delaware for diversity purposes.

15       13.    Because Plaintiff is a citizen of California and Nevada,  and

16  Defendant is a citizen of Tennessee and Delaware, this litigation "is

17  between … citizens of different States."  28 U.S.C. § 1332(a).

18     **II.**    **The Amount in Controversy Exceeds $75,000**

19       14.    "The amount in controversy is simply an estimate of the total

20  amount in dispute, not a prospective assessment of defendant's liability."

21  *Lewis v. Verizon Commc'ns, Inc.*, 627 F. 3d 395, 400 (9th Cir. 2010).  Plaintiff

22  seeks monetary relief including compensatory damages, trebled, interest at the

23  maximum legal rate, and attorneys' fees and costs.  *See* Compl., Prayer.  ¶¶ 1-3

24  (alleging at ¶ 1 that the amount of compensatory damages is "an amount subject

25  to proof at the time of trial").  Plaintiff also seeks punitive damages pursuant to

26  California Civil Code Section 3294.  *See id.* ¶ 6.  And Plaintiff seeks broad

27  equitable relief under the Cartwright Act.  *See id.* ¶¶ 2, 4, 7.  Regal denies it

28

NOTICE OF REMOVAL

1   violated any laws and that Starlight is entitled to damages, attorneys' fees, or

2   injunctive relief.  For removal purposes only, Regal acknowledges that the

3   amount in controversy exceeds $75,000.

4        15.   Plaintiff contends that as a result of Regal's conduct, it has been

5   unable "to exhibit industry films on a fair competitive basis and to offer other

6   related goods and services to prospective patrons, and is consequently unable to

7   obtain the economic benefits of increased ticket and concession sales at the

8   Starlight Theater in Corona, California."  Compl. ¶ 42.

9        16.   Plaintiff alleges that Regal began receiving exclusive licenses for

10  most first run films in Corona, California beginning within four years before the

11  date of the Complaint.  Compl. ¶ 22.  Plaintiff further alleges that it was denied

12  multiple requests for film licenses from film distributors due to Regal

13  wrongdoing.  Compl. ¶ 23.  Additionally, Plaintiff alleges, and seeks to recover

14  for, "a reasonable expectation of prospective future economic benefits to

15  Starlight from continuing patronage to view a wide variety of high quality first

16  run films," including ticket and concession sales.  Compl. ¶¶ 38-42.

17       17.   Plaintiff claims loss of benefit from increased ticket and concession

18  sales.  In the twelve months ending June 2014, Starlight publicly reported ticket

19  sales of $1,295,045.  *See* Carr Decl. at ¶ 3.  Thus even assuming  Starlight

20  limited its purported damages to just a single year, it would need to seek

21  damages of only 2% of its ticket revenues to exceed $75,000, given that

22  damages are trebled under the Cartwright Act.  Cal. Bus. & Prof. Code §

23  16750(a); *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3

24  (9th Cir. 2000) (court can take treble damages into account when determining the

25  amount in controversy).  This does not even include purported damages from

26  lost concession sales.  Nor does it include the economic impact of the

27  injunctive relief Starlight seeks.  In short, although Regal denies that Starlight

28

4

NOTICE OF REMOVAL

1  has asserted any sustainable claims, its Complaint puts more than the

2  jurisdictional minimum of $75,000 at issue.

3      18.    Plaintiff also seeks punitive damages as allowed by California

4  Civil Code Section 3294 and treble damages under California Business and

5  Professions Code Section 17203.  Compl. ¶ 44; *see* Cal. Civ. Code § 3294; *see*

6  Cal. Bus. & Prof. Code § 17203; *Phelps v. Cox Commc'ns Las Vegas, Inc.*, No.

7  2:11-CV-00801-PMP-LRL, 2011 U.S. Dist. LEXIS 147693, at *10 (C.D. Cal.

8  Dec. 20, 2011) (court may consider claims for general and specific damages,

9  attorneys' fees, punitive damages, and the court's experience in similar cases in

10  determining the amount in controversy).

11      19.    Finally, Plaintiff seeks to recover attorneys' fees to the extent

12  allowed under California law.  Attorneys' fees may be included as part of the

13  amount in controversy if recoverable by statute.  *Phelps*, 2011 U.S. Dist. LEXIS

14  147693, at *10; *Galt G/S v. JSS Scandinavia*, 143 F.3d 1150, 1156 (9th Cir.

15  1998) (holding that "where an underlying statute authorizes an award of

16  attorneys' fees, either with mandatory or discretionary language, such fees may

17  be included in the amount in controversy.").  Plaintiff seeks relief under the

18  Cartwright Act, Cal. Bus. & Prof. Code § 16750, *et seq.*, which provides that a

19  plaintiff who prevails "shall be awarded a reasonable attorneys' fee together with

20  the costs of the suit."  *Id.* § 16750(a).  Regal does not know the current billing

21  rates of Starlight's counsel, Blecher Collins Pepperman & Joye, but the firm

22  styles itself as "one of the premier antitrust and complex business litigation law

23  firms in the country."[1]  Starlight has brought a complex antitrust case against

24  Regal, which, should the case proceed to discovery, will plainly generate fees

25  well in excess of $75,000.

26

27  [1] Blecher Collins, Pepperman & Joye, www.blechercollins.com (last visited July 9,

28  2014).

5

NOTICE OF REMOVAL

1    20.    Plaintiff seeks trebled compensatory damages, punitive damages,

2    and attorneys' fees, all of which may be included in the amount of controversy.

3    Compl., Prayer. ¶¶ 1-6.  The amount in controversy in this case is easily met.

4                        **OTHER PROCEDURAL ISSUES**

5    21.    Promptly on the filing of this Notice of Removal, a true copy thereof

6    will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d).  Under

7    Rule 5(d) of the Federal Rules of Civil Procedure, Defendant will file with this

8    Court a Certificate of Service of notice to the adverse parties of removal to

9    federal court.

10    22.    Upon the filing of this Notice of Removal, Defendant will promptly

11    file a Notification of Filing of Notice of Removal with the Clerk of the State

12    Court, in accordance with 28 U.S.C. § 1446(d).

13    23.    Upon Removal, Defendant will file Notice of Status of Removed

14    Case with the Superior Court of California, County of Los Angeles, in

15    accordance with local Rule 3.22.[2]

16    24.    By filing this Notice of Removal, Defendant does not waive any

17    defenses that may be available to it (including without limitation any defenses

18    relating to service, process, and jurisdiction) and does not concede that the

19    allegations in the Complaint state a valid claim under any applicable law.

20    25.    Defendant reserves the right to submit supplemental factual support,

21    evidence, and declarations to support the basis for federal jurisdiction, should that

22    be necessary.

23

24

25

26    [2] Rule 3.22. Case Removed to Federal Court, Local Rules, Superior Court of

27    California, County of Los Angeles (Jan. 1, 2014), *available at*

28    http://www.lasuperiorcourt.org/courtrules/CurrentCourtRulesPDF/Chap3.pdf.

6

NOTICE OF REMOVAL

## Notice to State Court and Plaintiff

Counsel for Defendant certifies that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be promptly filed with the Clerk of the Superior Court of California, County of Los Angeles, and served on Plaintiff.

WHEREFORE, the case now pending in the Superior Court of California, County of Los Angeles, Case No. BC549008, is hereby removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1367, and 1441.

Dated:  July 14, 2014

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: _____
Christopher T. Casamassima

Attorneys for Defendant
*Regal Entertainment Group*

7

NOTICE OF REMOVAL

ActiveUS 131190284v.5

# EXHIBIT A

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)

Case Number _____

BC549008

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below. There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | | Hon. Malcolm H. Mackey | 55 | 515 | |
| Hon. Barbara A. Meiers | 12 | 636 | | Hon. Michael Johnson | 56 | 514 | |
| Hon. Terry A. Green | 14 | 300 | | Hon Rolf M. Treu | 58 | 516 | |
| Hon. Richard Fruin | 15 | 307 | | Hon. Michael L. Stern | 62 | 600 | |
| Hon. Rita Miller | 16 | 306 | | Hon. Mark Mooney | 68 | 617 | |
| Hon. Richard E. Rico | 17 | 309 | | Hon. William F. Fahey | 69 | 621 | |
| Hon. Kevin C. Brazile | 20 | 310 | | Hon. Soussan G. Bruguera | 71 | 729 | |
| Hon. Robert L. Hess | 24 | 314 | | Hon. Ruth Ann Kwan | 72 | 731 | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | Hon. Rafael Ongkeko | 73 | 733 | |
| Hon. Barbara Scheper | 30 | 400 | | Hon. Teresa Sanchez-Gordon | 74 | 735 | |
| Hon. Mary H. Strobel | 32 | 406 | | | | | |
| Hon. Michael P. Linfield | 34 | 408 | | | | | |
| Hon. Gregory Alarcon | 36 | 410 | | **Hon. Emilie H. Elias** | **324** | **CCW** | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | | | | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Frederick C. Shaller | 46 | 500 | | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | | |
| Hon. John L. Segal | 50 | 508 | | | | | |
| Hon. Mitchell L. Beckloff | 51 | 511 | | **\*Provisionally Complex Non-Class Action Cases** | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | Assignment is Pending Complex Determination | 324 | CCW | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |

**\*Complex**
All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

LACIV CCH 190 (Rev05/14)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➢ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at www.lasuperiorcourt.org under "Civil" and then under "General Information").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 17 2014

Sherri R. Carter, Executive Officer/Clerk

By Myrna Beltran, Deputy

**NOTICE TO DEFENDANT:** REGAL ENTERTAINMENT GROUP and
***(AVISO AL DEMANDADO):*** Does 2 through 50, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** STARLIGHT CINEMAS, INC.
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es)*:<br>Superior Court of California, County of Los Angeles<br>Central District<br>111 N. Hill Street<br>Los Angeles, CA 90012 | CASE NUMBER:<br>*(Número del Caso)*:<br>**BC549008** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
Maxwell M. Blecher (State Bar No. 26202)
BLECHER COLLINS PEPPERMAN & JOYE, P.C.
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334; Tel.: (213) 622-4222

MYRNA BELTRAN

| DATE:<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by _____ *(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

JUN 17 2014

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

1   BLECHER COLLINS PEPPERMAN & JOYE, P.C.
     Maxwell M. Blecher (State Bar No. 26202)
2    *mblecher@blechercollins.com*
    Howard K. Alperin (State Bar No. 158809)
3    *halperin@blechercollins.com*
    515 South Figueroa Street, Suite 1750
4   Los Angeles, California 90071-3334
    Telephone: (213) 622-4222
5   Facsimile: (213) 622-1656

6   Attorneys for Plaintiff
    STARLIGHT CINEMAS, INC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 17 2014

Sherri R. Carter, Executive Officer/Clerk
By Myrna Beltran, Deputy

8      SUPERIOR COURT OF THE STATE OF CALIFORNIA

9      COUNTY OF LOS ANGELES, CENTRAL DISTRICT

10                      BC549008

11  STARLIGHT CINEMAS, INC.         Case No.

12         Plaintiff,         **COMPLAINT:**

13      vs.              (1)  **COMBINATION TO RESTRICT**
                           **TRADE IN VIOLATION OF THE**
14  REGAL ENTERTAINMENT GROUP and      **CARTWRIGHT ACT, CAL. BUS. &**
    Does 2 through 50, inclusive,          **PROF. CODE § 16720**
15

16        Defendant.      (2)  **UNFAIR COMPETITION LAW IN**
                           **VIOLATION OF CAL. BUS. &**
                           **PROF. CODE § 17200; AND**

17

18                   (3)  **INTENTIONAL INTERFERENCE**
                         **WITH PROSPECTIVE ECONOMIC**
                         **ADVANTAGE**

19

20            **DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28



Blecher Collins Pepperman & Joye

                             COMPLAINT

Plaintiff files this complaint against the above-named defendant and, demanding trial by jury, complains and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff Starlight Cinemas, Inc. ("Starlight") brings this action to obtain damages, punitive damages, injunction and other relief for antitrust violations, unfair competition, and tortious interference by Defendant Regal Entertainment Group ("Regal"), with respect to the licensing of first run, feature-length, motion picture films ("films") for exhibition to the public in theaters in the Corona, California market. Regal has used the immense buying power of its theater circuit arising from the large number of its theaters and screens in numerous markets in the United States, including many monopoly markets where it operates the only theater, to combine with and coerce film distributors to deprive Starlight, the owner and operator of a theater in Corona, of fair competitive access to films. This illegal conduct has deprived the public of choice with respect to the theaters in which they are able to see films, has severely damaged competition in licensing of films, has damaged Plaintiff's business and property, and is likely to continue unless enjoined by the Court.

## JURISDICTION AND VENUE

2. Plaintiff's antitrust claims against Regal arise under the Cartwright Act, California Business and Professions Code Section 16700, *et seq.*

3. Plaintiff's unfair competition claims against Regal arise under the Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.*

4. Plaintiff's claims against Regal also are brought for tortious interference with prospective economic advantage.

5. Venue is proper in this judicial district pursuant to California Business and Professions Code Section 16750(a) and California Code of Civil Procedure Sections 395(a) and 395.5 because the injury and the liability arose in this jurisdiction. Additionally, Defendants or some of them reside and transact business in the County of Los Angeles, State of California.

-1-
COMPLAINT

Blecher Collins
Pepperman & Joye

## PARTIES AND CO-CONSPIRATORS

6.     Starlight is a corporation organized and existing under the laws of the State of Nevada and qualified to transact business in California with its principal place of business at 10357 Artesia Boulevard, Bellflower, California 90706. Starlight competes with Regal in the Corona area with an up-scale, multi-screen movie theater, the Dos Lagos Stadium Theatre a 15 screen complex located at 2710 Lakeshore Drive, Corona, California.

7.     Defendant Regal is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Knoxville, Tennessee. Regal operates motion picture theaters at various locations in California and elsewhere in the United States, including in Los Angeles County, at times relevant to the claims in this lawsuit. Regal is the largest and most geographically diverse theater circuit in the United States with approximately 7,631 screens in 575 theaters in various locations, including Corona Crossings in Corona, California. Regal has substantial "circuit power" as measured by its market shares in major Defined Market Areas ("DMAs") throughout the United States.

8.     Starlight is ignorant of the true names and capacities of Defendants sued herein as Does 2 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Starlight will amend this Complaint to allege the true names and capacities of such fictitiously named Defendants when the same have been ascertained. Starlight is informed and believes, and on that basis alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences, acts and omissions alleged herein, and that Starlight's damages were proximately caused by their conduct.

## DEFINITIONS AND INDUSTRY STRUCTURE

9.     "Exhibitors" are persons or companies that operate one or more motion picture theaters in which films are exhibited or shown to the public. Many theaters have multiple screens, each of which is located in its own auditorium, thereby allowing more than one film to be exhibited in the theater at the same time. Such theaters are known as multiplexes, megaplexes, or theater complexes.

Blecher Collins
Pepperman & Joye

10.    "Distributors" are companies that arrange for the marketing, promotion and licensing of films for exhibition to the public in theaters throughout the United States and elsewhere. The distribution level of the film industry is highly concentrated, with film distribution rights for films generating the vast majority of box office revenues being controlled by a small number of distributors, including defendants Sony, Universal and Does 1 through 50.

11.    "Film" or "films" means feature length, motion picture films that run for more than sixty minutes.

12.    "First run" when used in connection with films or films means the number of weeks following the release date of a film for which an exhibitor has licensed a new film. "Blockbuster" hits aside, a modern film's theatrical exhibition life generally is no more than a few weeks, after which the film is released in other entertainment formats (*e.g.*, DVD and pay-per-view television). For this reason, a film's first run typically is its only theatrical run, except for a limited number of films that will be licensed for a second run or sub run in certain markets at discounted admission prices. An exhibitor who cannot obtain license rights to a film for first run likely will never have access to the film, or will have access to it only after its theatrical exhibition value has been virtually exhausted.

13.    Before a film is released, distributors engage in extensive research, audience tracking and sophisticated modeling to estimate its likely range of revenues in order to, among other things, determine promotional and advertising budgets. Thus, well before a film is licensed to exhibitors, distributors have a well informed expectation as to its likely revenues.

14.    Distributors often refer to "zones" in connection with film licensing. Zones are geographic or trade areas in a city or other area of significant population. Some film zones are "non-competitive" or "monopoly" zones, that is, the zone has only one theater and no competition. Other film zones are "competitive," that is, the zone has more than one theater.

15.    A "clearance" is an exclusivity agreement, express or implied, between a favored exhibitor and a distributor under which the distributor agrees that it will not license a film to play or run at the same time (sometimes referred to as "day and date" play) with any other theater in a zone. In the past, the primary justification for clearances was the expectation that the licensed

1  exhibitor would pay for extra promotion or advertising in its market; however, presently such

2  promotional expenditures by exhibitors are rare.

3      16.     In recent years, most distributors have adopted a "wide release" strategy for the

4  majority of their first run films, whereby they try to earn as much revenue as possible in the first

5  several weeks after release by showing the film on as many screens and in as many theaters as

6  possible. Release date "screen count," the number of screens on which a film is exhibited on the

7  date of its release, has become an important measure of a film's success from the distributor's

8  perspective.

9      17.     Dominant exhibitor circuits like Regal derive substantial market power from their

10  ability to provide numerous exhibition locations or runs simultaneously to distributors for the wide

11  release of a film during first run, including locations in monopoly zones where a distributor has no

12  other alternative exhibitor to play a film.

### THE COMPETING THEATERS

14      18.     The Regal Corona Crossings 18 Theater is located at 2650 Tuscany Street, Corona,

15  California. The Corona Crossings is an upscale, 18 screen multiplex theater that exhibits a wide

16  variety of first run films to its customers.

17      19.     The Starlight Dos Lagos Theater has 15 screens and offers state-of-the-art technical

18  presentation, presenting films in Dolby Digital, DTS Digital and Sony Dynamic Digital Sound

19  along with digital projection capabilities. Amenities include high-back seats with cup holders and

20  retractable arm rests, special seating areas for the handicapped in every auditorium, imported

21  marble and slate, custom carpeting and a café is comparable or superior to the Corona Crossings

22  18 in terms of its proven ability to deliver top ticket revenues or "grosses" on the first run films

23  when such films are licensed for play in Plaintiff's theater.

### THE RELEVANT MARKET

25  **Geographic Market**

26      20.     The relevant geographic market for purposes of the antitrust claims in this action is

27  Corona, California in which the Starlight Theater and the Regal Theater operate.

28

-4-

**Product Market**

21.     The relevant product market consists of the market for licensing of first run films in the relevant geographic market.

### ANTICOMPETITIVE CONDUCT AND EFFECTS

22.     Beginning within four (4) years prior to this Complaint, Regal began receiving exclusive licenses for the vast majority of first run films in the relevant market.

23.     Starlight has repeatedly requested film licenses from the film distributors, often offering attractive financial terms that were substantially more advantageous to the distributors than the terms Plaintiff alleges on information and belief were the terms ultimately agreed for Regal.  Yet Starlight's requests and offers have been rejected, as have its bids and attempts to bid which has the Starlight Theater at a severe, continuing, and unfair competitive disadvantage against Regal in Corona, California.

24.     On information and belief, Regal demands, and the film distribution agree to, exclusivity provisions in connection with film licenses that bar licensing the Starlight Theater is Corona to play films day and date with the Regal Theater.  Such exclusive dealing arrangements are agreed to by the film distribution despite the facts that such day and date play has become common in the industry, that the film distributors routinely grant licenses to Regal to play day and date with its own theaters and theaters of other dominant exhibitors, and that it would be in the independent best economic interests of the distributors to license to the Starlight Theater and the Regal Theater for day and date play in Corona.

25.     The conduct of Regal with respect to its clearances, or exclusive dealing arrangements as described above, violates antitrust principles long established by the United States Supreme Court requiring that films be licensed on a film by film, theater by theater basis without the discriminatory preferences in favor of one or more dominant theater circuits.

26.     Regal has engaged in anticompetitive conduct as described above with predatory intent to deprive Plaintiff of an opportunity to obtain the supply of first run films needed for effective competition is Corona, California.

1

## DAMAGES AND CONTINUING INJURY

2     27.     Regal has engaged in a continuing and continuous course of conduct with respect to

3  the acts, practices, and conduct in violation of California antitrust and unfair competition law as

4  alleged herein that has injured Plaintiff in an amount to be proven at trial and has caused and will

5  continue to cause injury to competition, California consumers, the public interest, and the business

6  and property of Plaintiff unless permanently enjoined.

7                                            **FIRST CAUSE OF ACTION**

8                                        **(Combination To Restrict Trade in**

9                            **Violation of Cal. Bus. & Prof. Code § 16720)**

10    28.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 27 above.

11    29.     Beginning at a time previously unknown to Plaintiff and continuing through the

12  present, Regal's conduct as alleged herein constitutes a combination in restraint of trade in

13  violation of California Business and Professions Code Section 16720.

14    30.     As a direct and proximate result of the unlawful conduct of Regal in furtherance of

15  violations alleged, Starlight has been injured in its business and property in an amount to be

16  proven at trial and to be automatically trebled, as provided by California Business and Professions

17  Code Section 16750.

18    31.     Starlight also is entitled to recover from Defendants reasonable attorneys' fees,

19  together with the costs of suit, as provided by California Business and Professions Code Section

20  17650.

21    32.     Starlight is also entitled to injunctive relief as provided by California Business and

22  Professions Code Section 16750.

23                                          **SECOND CAUSE OF ACTION**

24                **(Unfair Competition in Violation of Cal. Bus. & Prof. Code § 17200)**

25    33.     Plaintiff re-alleges the allegations contained in paragraphs 1 through 32 above.

26    34.     This Complaint is filed and these proceedings are instituted, pursuant to California

27  Business and Professions Code Sections 17203 and 17204, to enjoin Defendants from engaging in

28

Blecher Collins
Pepperman & Joye

1  the anticompetitive business acts and business practices alleged herein, in violation of the Unfair

2  Competition Law, California Business and Professions Code Section 17200, *et seq.*

3    35.    The conduct alleged herein constitutes unfair competition  by means of unfair,

4  unlawful and/or fraudulent business acts or practices within the meaning of California Business

5  and Professions Code Section 1720 as: (a) unlawful conduct pursuant to California Business and

6  Professions Code Section 16720, *et seq.*, including Section 16727 thereof; (b) unlawful conduct

7  through violations of the Paramount Decree; and (c) unfair conduct through violations of the

8  provisions and spirit of the antitrust laws and threat to competition and consumer interests.

9    36.    Plaintiff is entitled to equitable remedies as a result of such business acts or

10 practices.

### THIRD CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

13   37.    Plaintiff re-alleges the allegations contained in paragraphs 1 through 36 above.

14   38.    Starlight enjoyed and continues to enjoy relationships with patrons of its theater

15 that include a reasonable expectation of prospective future economic benefits to Starlight from

16 continuing patronage to view a wide variety of high quality first run films.  At all relevant times

17 herein, Regal had actual knowledge of this reasonable expectation of prospective future economic

18 benefits to Starlight and knew that this expectancy constituted a valuable business asset and form

19 of revenue for Starlight.

20   39.    Starlight continues to enjoy a reasonable expectation of prospective future

21 economic benefits Starlight from fair competitive access to the licensing of films.  At all

22 relevant times herein, Regal had actual knowledge of these reasonable expectations of prospective

23 future economic benefits Starlight and knew that this expectancy constituted a valuable business

24 asset and form of revenue for Starlight.

25   40.    Regal intended to disrupt and interfere with, did in fact disrupt and interfere with

26 and continues to disrupt and interfere with Starlight's economic relationships with the patrons of

27 the Starlight Dos Lagos Theater and with film distributors, which relationships carry with them a

28 future economic benefit to Starlight.

*Blecher Collins*
*Pepperman & Joye*

41.     As a direct and proximate result of Regal's intentional anticompetitive conduct as alleged herein, which constitutes a combination to restrict trade in violation of California Business and Professions Code Section 16720 and unfair competition in violation of California Business and Professions Code Section 17200, Regal has prevented and continues to prevent Starlight from being able to enter into agreements with distributors to exhibit films at the Starlight Theater and has deprived and continues to deprive Starlight of access to films to exhibit to patrons in its theater.  By engaging in this conduct, Regal acted and continues to act with intent to injure Starlight in its business at the Starlight Dos Lagos Theater and to gain a wrongful competitive advantage over the Starlight Theater.

42.     As a direct and proximate result of Regal's wrongful actions, Starlight has been injured and continues to suffer injury in its business and property in that it has been foreclosed from competition on the merits and has lost revenue and profit that it would have otherwise earned but for Regal's conduct.  Starlight is unable to exhibit industry films on a fair competitive basis and to offer other related goods and services to prospective patrons, and is consequently unable to obtain the economic benefits of increased ticket and concession sales at the Starlight Theater in Corona, California.  Furthermore, as a result of Regal's actions, the Starlight Dos Lagos Theater has been and is forced to exhibit films as subsequent runs and therefore has been and is unable to benefit from the increased ticket and concession sales first run films would have generated.

43.     As a further direct and proximate result of Regal's unlawful conduct, Starlight has been damaged in an amount subject to proof at trial.

44.     Starlight alleges on information and belief that, in doing the things alleged herein, Regal has acted willfully, maliciously, oppressively, and with full knowledge of the adverse effects of its actions on Starlight and with willful and deliberate disregard of the consequences to Starlight.  As a direct result of the fraudulent, willful and malicious conduct of Regal, Starlight is entitled to exemplary and punitive damages in an amount subject to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Starlight prays for judgment against Defendant as follows:

Blecher Collins
Pepperman & Joye

**As to the First Cause of Action:**

1.      For compensatory damages against Regal in an amount subject to proof at the time of trial, and that those actual damages be trebled pursuant to California Business and Professions Code Section 16750, together with interest thereon at the maximum legal rate;

2.      For an injunction against Regal barring further violations of the antitrust laws pursuant to California Business and Professions Code Section 16750; and

3.      For attorneys' fees and costs pursuant to California Business and Professions Code Section 16750.

**As to the Second Cause of Action:**

4.      For equitable and injunctive relief pursuant to California Business and Professions Code Section 17203.

**As to the Third Cause of Action:**

5.      For compensatory damages against Regal in an amount subject to proof at the time of trial, together with interest thereon at the maximum legal rate;

6.      For punitive damages pursuant to California Civil Code Section 3294; and

7.      For an injunction against Regal barring further intentional interference with Plaintiff's prospective economic advantage of the type alleged herein.

**As to All Causes of Action:**

8.      For costs of the suit incurred;

9.      For interest at the maximum legal rate; and

10.     For such other and further relief as the Court may deem just and proper.

Dated: June 17, 2014                          BLECHER COLLINS PEPPERMAN & JOYE, P.C.
                                              MAXWELL M. BLECHER
                                              HOWARD K. ALPERIN


                                              By: _____
                                                     Maxwell M. Blecher
                                              Attorneys for Plaintiff STARLIGHT CINEMAS, INC.

1

### DEMAND FOR JURY TRIAL

2

3      Plaintiff demands a trial by jury on all issues so triable.

4
Dated:  June 17, 2014                          BLECHER COLLINS PEPPERMAN & JOYE, P.C.
5                                               MAXWELL M. BLECHER
                                                HOWARD K. ALPERIN
6

7

8      By:
          Maxwell M. Blecher
9         Attorneys for Plaintiff STARLIGHT CINEMAS,
          INC.
10

11
59588.1
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Maxwell M. Blecher (State Bar No. 26202)<br>Howard K. Alperin (State Bar No. 158809)<br>BLECHER COLLINS PEPPERMAN & JOYE, P.C.<br>515 South Figueroa Street, Suite 1750<br>Los Angeles, California 90071-3334<br>TELEPHONE NO.: (213) 622-4222   FAX NO.: (213)622-1656<br>ATTORNEY FOR (Name): Plaintiff STARLIGHT CINEMAS | **CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUN 17 2014**<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Myrna Beltran, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

| CASE NAME: Starlight Cinemas v. Regal Entertainment Group, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC549008 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [X] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [X] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive

4. Number of causes of action (specify):

5. This case [ ] is  [X] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 17, 2014

Maxwell M. Blecher (State Bar No. 26202)
(TYPE OR PRINT NAME)      (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

Legal Solutions Plus

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability (*not asbestos or
    toxic/environmental*) (24)
Medical Malpractice (45)
    Medical Malpractice—
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach—Seller
        Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment (*non-
        domestic relations*)
    Sister State Judgment
    Administrative Agency Award
        (*not unpaid taxes*)
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
        harassment*)
    Mechanics Lien
    Other Commercial Complaint
        Case (*non-tort/non-complex*)
    Other Civil Complaint
        (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
        Claim
    Other Civil Petition

| SHORT TITLE: Starlight Cinemas v. Regal Entertainment Group, et al. | CASE NUMBER BC549008 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES  CLASS ACTION? [ ] YES  LIMITED CASE? [ ] YES  TIME ESTIMATED FOR TRIAL  5 [ ] HOURS/ [X] DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070 Asbestos Property Damage | 2. |
| | | [ ] A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210 Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240 Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250 Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270 Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

LA-CV109

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Starlight Cinemas v. Regal Entertainment Group, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation    Number of parcels _____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Starlight Cinemas v. Regal Entertainment Group, et al. | CASE NUMBER | |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☒ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9. |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7. |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Starlight Cinemas v. Regal Entertainment Group, et al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:   10357 Artesia Boulevard |
|---|---|

| CITY:<br>Bellflower | STATE:<br>CA | ZIP CODE:<br>90706 |
|---|---|---|

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Los Angeles__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __June 17, 2014__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)
Maxwell M. Blecher

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Maxwell M. Blecher (State Bar No. 26202)<br>Howard K. Alperin (State Bar No. 158809)<br>BLECHER COLLINS PEPPERMAN & JOYE, P.C.<br>515 South Figueroa Street, Suite 1750<br>Los Angeles, California 90071-3334<br>TELEPHONE NO.: (213) 622-4222   FAX NO. *(Optional):* (213) 622-1656<br>E-MAIL ADDRESS *(Optional):* halperin@blechercollins.com<br>ATTORNEY FOR *(Name):* Plaintiff STARLIGHT CINEMAS, INC. | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles<br>STREET ADDRESS: 111 N. Hill Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: Central District |
| PLAINTIFF/PETITIONER: STARLIGHT CINEMAS, INC.<br><br>DEFENDANT/RESPONDENT: REGAL ENTERTAINMENT GROUP, et al. |

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>BC549008 |

TO *(insert name of party being served):* REGAL ENTERTAINMENT GROUP

---

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: June 17, 2014

Howard K. Alperin
_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case.


*(To be completed by recipient):*
Date this form is signed:

_____          ▶ _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

| | | |
|---|---|---|
| | | Page 1 of 1 |
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions°<br>⚖ Plus   Code of Civil Procedure,<br>§§ 415.30, 417.10 |

POS-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Maxwell M. Blecher (State Bar No. 26202)<br>Howard K. Alperin (State Bar No. 158809)<br>BLECHER COLLINS PEPPERMAN & JOYE, P.C.<br>515 South Figueroa Street, Suite 1750<br>Los Angeles, California 90071-3334<br>TELEPHONE NO.: (213) 622-4222   FAX NO. *(Optional):*   (213) 622-1656<br>E-MAIL ADDRESS *(Optional):* halperin@blechercollins.com<br>ATTORNEY FOR *(Name):* Plaintiff STARLIGHT CINEMAS, INC. | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: STARLIGHT CINEMAS, INC.

DEFENDANT/RESPONDENT: REGAL ENTERTAINMENT GROUP, et al.

| | |
|---|---|
| **NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL** | CASE NUMBER:<br>BC549008 |

TO *(insert name of party being served):* REGAL ENTERTAINMENT GROUP

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: June 17, 2014

Howard K. Alperin
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [X] A copy of the summons and of the complaint.
2. [X] Other: *(specify):* Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment - Unlimited Civil Case.

*(To be completed by recipient):*
Date this form is signed:

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

► _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |