JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARLIGHT CINEMAS,<br><br>            Plaintiff,<br><br>      v.<br><br>REGAL ENTERTAINMENT GROUP and DOES 2 through 50, inclusive,<br><br>            Defendants. | CASE NO.  CV 14-5463-R<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ALL CLAIMS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) |

    Before the Court is Defendant's Motion to Dismiss, which was filed on August 20, 2014. Having been thoroughly briefed by both parties, this Court took the matter under submission on September 18, 2014.

    On a motion to dismiss, the trial court takes all well-pleaded facts in the complaint to be true and determines whether, based upon those facts, the complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). *See Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005). To state a claim, the complaint must contain factual assertions that make the

claimed relief not merely possible, but "plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual assertions are taken as true, the court does not accept legal conclusions as true. *Id.*

A motion to dismiss tests the legal sufficiency of the claims alleged in the complaint. *See Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1023 (C.D. Cal. 1998). A claim is properly dismissed for "lack of a cognizable legal theory," "absence of sufficient facts alleged under a cognizable legal theory," or seeking remedies to which plaintiff is not entitled as a matter of law. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *King v. California*, 784 F.2d 910, 913 (9th Cir. 1986).

## I. Cartwright Act

To state a claim under the Cartwright Act, the complaint must allege: (1) the formation and operation of a conspiracy; (2) a wrongful act or acts done pursuant to the conspiracy; and (3) damage resulting from those wrongful acts. *Cellular Plus, Inc. v. Superior Court*, 18 Cal.Rptr.2d 308 (Cal. Ct. App. 1993). The pleading of Cartwright Act violations demands a high degree of particularity. *G.H.I.I. v. MTS, Inc.,* 195 Cal.Rptr. 211, 216 (Cal. Ct. App. 1983). General allegations of a conspiracy unaccompanied by a statement of facts constituting the conspiracy and explaining its objectives and impact in restraint of trade will not suffice. *Id*. Instead, when pleading an antitrust violation, allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553 (2007). The complaint must allege facts such as a specific time, place, or person involved in the alleged conspiracies to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin. *Kendall v. Visa USA, Inc*., 518 F.3d 1042, 1046-47 (9th Cir. 2008).

Here, Plaintiff alleges that based on information and belief, Defendant demands, and distributors agree to exclusivity provisions. However, these allegations are mere legal conclusions, without any specifics, and are therefore insufficient to show the formation and operation of a conspiracy. Furthermore, Plaintiff's allegation that Defendant used its strong economic position in the market to obtain preferential treatment from distributors is insufficient to show conspiratorial conduct rather than mere unilateral conduct.

1    Moreover, Plaintiff has failed to allege any harm to competition as required by the
2    Cartwright Act.  The Cartwright Act, like antitrust laws generally, is about the protection of
3    competition, not competitors.  *Clayworth v. Pfizer, Inc*., 233 P.2d 1066, 1083 (Cal. 2010).  In
4    order to successfully allege injury to competition, a claimant may not simply recite bare legal
5    conclusions that competition has been restrained unreasonably.  *Les Shockley Racing, Inc., v.*
6    *National Hot Rod Ass'n*, 884 F.2d 504, 507-08 (9th Cir. 1989).

7    Here, Plaintiff relies on conclusions, without any supporting facts, that moviegoers have
8    been harmed.  However, this is insufficient to state a claim upon which relief may be granted, and
9    Plaintiff has therefore failed to plead a Cartwright Act violation.  Therefore, Defendant's Motion
10   to Dismiss Plaintiff's first cause of action under the Cartwright Act is granted.

**II.    California's Unfair Competition Law**

California's statutory unfair competition laws broadly prohibit unlawful, unfair, and fraudulent business acts.  *Sybersound Records, Inc. v. UAV Corp*., 517 F.3d 1137, 1151 (9th Cir. 20008).  Unlawful acts are "anything that can properly be called a business practice and that at the same time is forbidden by law.  *Id*. Unfair acts among competitors means "conduct that threatens an incipient violation of an antitrust law, or violates the spirit or policy of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.  *Id*.

Here, Plaintiff has failed to plead a Cartwright Act claim, and therefore has also failed to allege any unlawful or unfair business acts for purposes of the UCL.  As such, Defendant's Motion to Dismiss Plaintiff's second cause of action for violation of California's Unfair Competition Law is granted.

**III.   Intentional Interference with Prospective Economic Advantage**

In California, the elements of the tort of intentional interference with prospective economic advantage are:

> (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional wrongful acts on the part of the defendant designed to disrupt

1   the relationship; (4) actual disruption of the relationship; and (5) economic harm to the
2   plaintiff proximately caused by the acts of the defendant.

*Sybersound Records, Inc.*, 517 F.3d at 1151; *see also Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937 (Cal. 2003).

Here, the only wrongful act that Plaintiff attempts to plead is a Cartwright Act violation.  However, because Plaintiff has failed to successfully plead a Cartwright Act violation, its intentional interference claim fails as well.  Therefore, Defendant's Motion to Dismiss Plaintiff's third cause of action for intentional interference with prospective economic advantage is granted.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is GRANTED.

Dated: October 23, 2014.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE